## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CEDRIC GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-cv-00165 (UNA) |
| | ) | |
| UNITED STATES DISTRICT COURT | ) | |
| FOR THE NORTHERN DISTRICT OF | ) | |
| CALIFORNIA, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff, proceeding *pro se*, has filed a complaint ("Compl."), ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The IFP application is granted, and for the reasons explained below, the complaint will be dismissed without prejudice.

Plaintiff, a resident of Los Angeles, California, sues the United States District Court for the Northern District of California. *See* Compl. at 1. He contends that jurisdiction is proper in this matter pursuant to 28 U.S.C. § 1442, but this matter was not removed from a local court, therefore, that statute is inapplicable here. *See id.* at 2. He takes issue with determinations made and actions taken by defendant arising from (1) purported lack of notice related to a case that he filed in the Northern District of California, and (2) notifications that he received from defendant regarding a case that he did not initially file in that District. *See id*. He demands unspecified money damages. *See id*. at 3.

First, this court lacks subject matter jurisdiction to review the decisions of other federal courts and their staff, to intervene in their cases or administrative matters, or to direct them to act. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir.

1979) (finding it "axiomatic" that a federal court may order judges or officers of another federal court "to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

Second, a federal court, and its judges and staff, are immune from suit for damages for actions taken in the performance of their duties.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Sindram v. Suda*, 986 F.2d 1459, 1460–61 (D.C. Cir. 1993).  Indeed, courts are absolutely immune for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction."  *Sindram*, 986 F.2d at 1460; *see also Mireles*, 502 U.S. at 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity.").  "The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).  Further, "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.*; *see Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice."); *see also Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) ("It is well established that judicial immunity 'extends to other officers of government whose duties are related to the judicial process.' ") (quoting *Barr v. Matteo*, 360 U.S. 564, 569

(1959)); *Hester v. Dickerson*, 576 F. Supp. 2d 60, 62 (D.D.C. 2008) (absolute judicial immunity extends to clerks of the court) (citations omitted).

Accordingly, this case is dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff's expedited motion to transfer venue, ECF No. 3, to the United States District Court for the Northern District of Georgia or Southern District of New York, is denied as moot. A separate order accompanies this memorandum opinion.

Date:   April 15, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge